UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STARR INDEMNITY & LIABILITY COMPANY a/s/o CAMPER'S WORLD APPAREL, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**ATLANTIC DRAYAGE & TRANSPORT, INC. and PORT KEARNY SECURITY, INC.,**<br><br>    Defendants. | Civ. No. 2:14-cv-00807(WJM)(MF)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This is a property loss case involving cartons of women's apparel that went missing while in transport. The owner of these cartons, Camper's World Apparel, LLC, filed an insurance claim with Insurer/Subrogee Starr Indemnity & Liability Company. In this action, Starr Indemnity seeks to hold the allegedly responsible parties, co-Defendants Atlantic Drayage & Transport, Inc. and Port Kearny Security, Inc. ("PKS") liable for the loss.

Currently before the Court is a motion involving a Crossclaim between the co-Defendants. Atlantic Drayage has filed a motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Counts II, III, and IV of PKS's Crossclaim. For the reasons set forth below, Atlantic Drayage's motion to dismiss is **DENIED**.

**I.    BACKGROUND**

Insured Camper's World is a seller, manufacturer, and distributor of women's apparel. Compl. at ¶ 6. Co-Defendant Atlantic Drayage is a Florida corporation

engaged in the interstate transportation of goods by motor truck. Co-Defendant PKS owns a cargo storage facility.

On January 8, 2013, Atlantic Drayage agreed to deliver a container, holding 2,440 cartons of women's clothing apparel, ("the Cargo") from Newark, New Jersey to Camper's World in Hicksville, New York. Compl. ¶ 11. During interstate transport, Atlantic Drayage contracted with PKS to leave the Cargo at a PKS storage lot overnight. *Id.* at ¶ 16. Upon delivery of the Cargo to Camper's World on January 9, 2013, it was noted that 914 cartons of the Cargo were missing. *Id.* at ¶ 23.

Camper's World filed a claim with its insurer, Starr Indemnity, for the loss of the Cargo. *Id.* at ¶29. Insurer Starr paid Camper's World the sum of $393,668.12 and became subrogated to the rights of Camper's World for its loss under the terms of the policy of insurance. *Id.* Plaintiff filed a Complaint on February 7, 2014 to recover damages from Atlantic Drayage and PKS.

On April 25, 2014, Defendant PKS filed an Answer with Crossclaims, alleging that Atlantic Drayage breached the terms and conditions of its agreement and release by failing to defend, indemnify, release and hold PKS harmless against the subrogation claims. PKS's Crossclaims include breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and indemnification and contribution. Atlantic Drayage now moves to dismiss the Crossclaim.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (*citing Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief

above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.* at 678.

### III. DISCUSSION

Atlantic Drayage argues that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, preempts Counts II (breach of fiduciary duty), III (breach of the covenant of good faith and fair dealing), and IV (indemnity and contribution) of PKS's Crossclaims and as such, should be dismissed. The argument is not convincing. The Carmack Amendment simply does not apply to the relationship between Atlantic Drayage and PKS.

In 1906, Congress enacted the Carmack Amendment to establish a nationwide scheme of liability for "interstate carriers," such as Atlantic Drayage. *See Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 335 (3d Cir. 2014). Under the Carmack Amendment, an "interstate carrier" is held strictly liable to the "person entitled to recover under the . . . bill of lading" for damages up to "the actual loss or injury to the property." 49 U.S.C. § 14706(a)(1). PKS, however, has no rights under a bill of lading. Its rights are based on a contract for overnight storage. Since PKS has no rights under a bill of lading, the Carmack Amendment does not apply to its Crossclaims against Atlantic Drayage.

### IV. CONCLUSION

For the reasons stated above, Atlantic Drayage's motion to dismiss is **DENIED**. An appropriate order follows.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 24, 2014**